IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN MICHAEL POWELL,             No. 3:19-CV-01931

Petitioner,             (Judge Mariani)

v.

SCOTT FINLEY,

Respondent.

## MEMORANDUM OPINION

Petitioner Shawn Michael Powell, a federal prisoner presently confined at the Philadelphia Residential Reentry Center in Philadelphia, Pennsylvania,[1] filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the federal grand jury proceedings that resulted in a criminal indictment against him. Doc. 1. Respondent filed an answer arguing that the Court lacks jurisdiction over such a claim, Doc. 11, and Petitioner has now filed a reply. Doc. 12. For the reasons discussed below, the Court will dismiss the petition for lack of jurisdiction.

## I.    BACKGROUND

On May 5, 2004, an indictment was returned against Petitioner charging various federal offenses including criminal conspiracy and bank robbery. See No. 04-cr-167, Doc. 1 (M.D. Pa.). That indictment was the result of certain grand jury proceedings that convened

---

[1]   Petitioner was confined at Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania, at the time of the filing of the petition. See Doc. 1 at 1.

in the Middle District of Pennsylvania. *See id.* Petitioner initially pled not guilty to the indictment. *See id.*, Doc. 9. A superseding indictment was returned against Petitioner on November 4, 2004, to which he also pled not guilty. *See* No. 04-cr-167, Docs. 24 (superseding indictment), 33 (plea).

On or about January 14, 2005, Petitioner agreed to plead guilty and waived indictment to a superseding information, which charged bank robbery by force or violence in violation of 18 U.S.C. § 2113(a)(2). *See id.*, Docs. 88 (superseding information), 89 (plea agreement), 91 (plea of guilty), 92 (waiver of indictment). On April 21, 2015, the Court sentenced Petitioner to a term of 235 months of imprisonment, 3 years of supervised release, a $100 special assessment, and $165,927.61 in restitution. *See id.*, Doc. 114.

On May 25, 2005, Petitioner filed a direct appeal to the Court of Appeals for the Third Circuit, which was eventually dismissed for lack of appellate jurisdiction. *See* Docs. 118 (notice of appeal), 123 (appellate order of dismissal).

On April 14, 2006, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, alleging that (1) the plea agreement he entered into was null and void due to a breach of the terms by the government; (2) the appeal waiver provision of the plea agreement is unenforceable; and (3) trial counsel was ineffective for failing to negotiate a plea agreement in his best interest and failing to object during the sentencing proceeding. *See id.*, Doc. 126. On April 27, 2006, the Court notified Petitioner of his limitations regarding the filing of successive § 2255 motions and also granted an additional thirty days to decide

whether to stand on the current motion or to withdraw the current motion and refile an all-inclusive motion. Petitioner failed to file any further motion. The Court denied Petitioner's § 2255 motion on August 25, 2006. *See id.*, Doc. 136 (memorandum and order).

In the instant Petition, Petitioner challenges the validity of the grand jury proceedings convened against him, resulting in the criminal indictment returned on May 5, 2004. *See* No. 19-cv-1931, Doc. 1. Petitioner alleges that the United States did not possess federal criminal jurisdiction in Pennsylvania at the places of the alleged crimes mentioned in the grand jury proceeding. *See id.*

## II.   DISCUSSION

### A.   Legal Standard

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See Denny v. Schultz*, 708 F.3d 140, 148 n.3 (3d Cir. 2013); *see also* 28 U.S.C. § 2243.

3

## B.    Analysis

As noted by the Court of Appeals for the Third Circuit in *In re Dorsainvil*, 119 F.3d 245,

249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255

has been the "usual avenue" for federal prisoners seeking to challenge the legality of their

confinement. *See also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *United*

*States v. McKeithan*, 437 F. App'x 148, 150 (3d Cir. 2011); *United States v. Walker*, 980 F.

Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought

under § 2255, while challenges to the manner in which a sentence is executed should be

brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by

motion is inadequate or ineffective to test the legality of [Petitioner's] detention." *See* 28

U.S.C. § 2255(e).  In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is

"inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or

successive petition limitations), where a prisoner who previously had filed a § 2255 motion on

other grounds "had no earlier opportunity to challenge his conviction for a crime that an

intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that §

2255 would be considered "inadequate or ineffective" merely because a petitioner is unable

to meet the stringent limitations or gatekeeping requirements of § 2255. *Id.* To the contrary,

the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual

4

circumstances presented in *Dorsainvil* because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the Supreme Court of the United States, may not have been criminal conduct at all. *Id.* at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its *Dorsainvil* holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *See Okereke*, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). Further, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. *See Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002).

Under *Dorsainvil* and its progeny, this Court can exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner demonstrates (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. *See Dorsainvil*, 119 F.3d at 251-52;

*Cradle*, 290 F.3d at 539; *Okereke*, 307 F.3d at 120; *Trenkler v. Pugh*, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claims do not fall within the *Dorsainvil* exception. Specifically, he does not allege that he had no earlier opportunity to challenge the grand jury proceedings, his conviction, or his confinement, for a crime that an intervening change in the substantive law may negate. Instead, Petitioner's claim is only to contest the propriety of the grand jury proceedings and resulting indictment—an indictment which no longer has any legal effect for his conviction and confinement, as Petitioner waived indictment and pled guilty to a superseding information. Further, Petitioner has had multiple opportunities to seek judicial review as to the grand jury proceedings and indictment in his criminal case, direct appeal, and § 2255 motion.

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631. Since he has previously filed a § 2255 petition, Petitioner must seek permission from the Court of Appeals for the Third Circuit to bring a second or successive petition under 28 U.S.C. § 2255(h) in this Court.  *See* 28 U.S.C. §§ 2255(h); 2244.  The Court finds that it is not in the interests of justice to transfer this habeas Petition because the Petition would appear to be

6

time-barred.  Petitioner is free to file a request to bring a second or successive petition with the Third Circuit on his own.

## III.  CONCLUSION

For the reasons set forth above, Petitioner's § 2241 habeas petition will be dismissed for lack of jurisdiction.

A separate order shall issue.

BY THE COURT:

Robert D. Mariani
United States District Judge

Dated: _____